WICKHAM HAVENS, INCORPORATED, A CORPORATION, PLAINTIFF-APPELLANT, v. MARTIN HAAS AND FRIEDA HAAS, HIS WIFE, DEFENDANTS-RESPONDENTS.

Submitted May term, 1929—Decided November 14, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the plaintiff-appellant, *Howe & Davis.*

For the defendants-respondents, *Michael T. & Hugh C. Barrett.*

PER CURIAM.

This is an appeal from a judgment entered on an instructed verdict for the defendants in the Essex County Circuit Court.

The complaint contained two counts. The first is based on two promissory notes given by the defendants to the plaintiff. The second is based on the failure of the defendants to complete, by paying the balance of the purchase price, the performance of the contract for the purchase of a tract of land by the defendants from the plaintiff. On the trial the court struck out the second count. From that ruling no appeal was taken. The trial then proceeded on the remaining count based on the promissory notes. Defendants' answer admitted the making of the notes sued upon and set up the defense of fraud in that the plaintiff was alleged to have represented that the notes were not to become due unless title

to the real estate was delivered by the plaintiff and accepted by the defendants, and that the defendants had never received title and that the plaintiff had never tendered a deed; and that there was nothing due on the notes. The execution and delivery of the notes having been admitted, plaintiff put the notes in evidence and rested. The defendants thereupon put in their proof tending to support the defense set up in the answer. At the close of the case the court held that there was a failure of consideration; that the contract regarding the sale of the real estate embraced the note transaction; that the plaintiff's correct method for relief was to sue for a breach of the contract of sale, and the court accordingly directed a verdict for the defendants. Plaintiff alleges error therein and argues the same under point one of the brief.

In the case of *McCormack* v. *Williams,* 88 *N. J. L.* 170, it was held by the Court of Errors and Appeals (Walker, C.) that our Negotiable Instrument act (*Comp. Stat., p.* 3734) provides in section 24 that every negotiable instrument shall be deemed *prima facie* to have been issued for a valuable consideration, and that every person whose signature appears thereon is deemed to have become a party thereto for value, and that when the plaintiff proved the notes in suit, offered them and rested, he established a *prima facie* case which entitled him to go to the jury. We consider that the instant case is within that ruling and that the court erred in directing a verdict for the defendant. This conclusion makes it unnecessary to consider the remaining points.

The judgment is therefore reversed.